## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL NO. 5:09CV10-RLV-DSC

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,    ) <br> **Plaintiff**    ) <br> ) <br> **v.**    ) <br> ) <br> YOUA VANG, in her capacity as    ) <br> Administratrix of the Estate of LAO VANG;    ) <br> FONG YANG; "D.Y.," a minor; and    ) <br> "A.Y.," a minor,    ) <br> **Defendants**    ) <br> _____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff New York Life Insurance Company's "Motion to Deposit Funds and for Discharge" (document #22) and "Motion for Attorneys' Fees" (document #23), both filed November 23, 2009; and the parties' associated briefs and exhibits. See documents ## 24-27.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and Plaintiff's Motions are now ripe for the Court's consideration.

Having fully considered the arguments of counsel, the record, and the applicable authority, the undersigned will grant Plaintiff's Motion to Deposit Funds and for Discharge and deny its Motion for Attorneys' Fees, as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is an interpleader action brought under Rule 22 of the Federal Rules of Civil Procedure, in which Plaintiff asserts that it faced the possibility of multiple liability under a life insurance policy. In its Motion to Deposit Funds and for Discharge, Plaintiff seeks to pay into the Court the death benefits payable under the policy and be discharged from liability. In its Motion for

Attorneys' Fees, Plaintiff seeks leave to deduct from those death benefits attorneys' fees in the amount of $34,313.82.

The relevant facts are not in dispute. The life insurance policy in question was issued by Plaintiff in 2005 on the life of Lao Vang, with a face value of $95,000. The policy included an accidental death benefit rider (hereafter, "the Policy"). Defendant Fong Yang, husband of Lao Vang, was the designated beneficiary under the policy. Lao Vang died, intestate, on April 6, 2008, as a result of knife wounds. The Defendant Fong Yang is accused of fatally stabbing Lao Vang. However, Fong Yang fled before he could be arrested, and he remains a fugitive.

Defendants D.Y. and A.Y. are the minor children of Lao Vang and Fong Yang, and would be the only beneficiaries of her estate, if the interests of Fong Yang are excluded,[1] or if Fong Vang had pre-deceased Lao Vang. By Order dated March 9, 2009, this Court appointed Khue Vang as the guardian ad litem for the minor Defendants. Defendant Youa Vang is the administratrix of the Estate of Lao Vang and is a citizen and resident of Catawba County, North Carolina.

Defendant Fong Yang has not appeared and is in default. See Docket Entry #20. The remaining Defendants have appeared and are represented by counsel. In their response brief, Defendants state they do not oppose Plaintiff's Motion to Deposit Funds and for Discharge but do

---

[1] It is well settled under the North Carolina "slayer statute", General Statutes §31A-1, et seq., that if the benefits of a life insurance policy are payable to a "slayer" who has killed the person whose life is insured by the policy, then those benefits are to be paid instead to the persons who would have been entitled to them as if the slayer had pre-deceased the insured decedent. However, the statute provides that a person is defined as a "slayer" only if he has been convicted, pleaded guilty, or pleaded no contest to wrongfully killing the decedent, or alternatively if found in a civil action to have willfully killed the decedent, but then has died before being tried on the criminal charges, N.C.G.S. §31A-3. Here, there has been no determination as to whether Fong Yang unlawfully killed Lao Vang, because he is a fugitive and no criminal prosecution has commenced. These Defendants, in responsive pleading in this action, have filed a cross-claim alleging that Fong Yang is liable for the wrongful death of Lao Vang, and should therefore be denied any benefits under the policy. The cross-claim has not yet been decided - indeed, Fong Yang has not yet been served with process. In any event, there is no indication that Fong Yang is deceased. Thus, the North Carolina "slayer statute" can, at this point, have no application to this matter.

oppose Plaintiff's Motion for Attorneys' Fees.

## II. <u>DISCUSSION</u>

The present action arises pursuant to the Court's diversity subject matter jurisdiction.  A majority of federal district courts sitting in North Carolina have construed the Fourth Circuit Court of Appeals' decision in <u>Board of Education v Winding Gulf Collieries</u>, 152 F. 2nd 382 (4th Cir. 1945) as applying state law on the issue of attorneys' fees in a diversity interpleader action. <u>Underhill v Travelers Ins. Co.</u>, 1991 U.S. Dist. LEXIS 19319 (E.D.N.C., 1991); <u>Metropolitan Life Insurance v Jordan</u>, 221 F. Supp. 842, 843 (W.D.N.C., 1963) ("in the interest of uniformity of outcome, the court . . . ought to defer to the long-established law of North Carolina that counsel fees are not taxed in a proceeding such as this one").  The District Court in <u>Underhill</u> specifically concluded in that interpleader action that "the actions taken by the Fourth Circuit in <u>Board of Education</u> required this Court, as a diversity court, to apply state law." <u>Id.</u>, at 8.

As Defendants point out in their brief, North Carolina has "long and vigorously" followed the "American Rule" respecting attorneys fees - that is, unless specifically authorized by statute or case law, each litigant must bear its own attorneys' fees.  For discussion, <u>see</u> <u>Gilbert v Bagley</u>, 492 F. Supp. 714 (M.D.N.C., 1980).  The parties agree that neither statutory law nor case law in North Carolina provides for attorneys fees in interpleader actions.  <u>Underhill</u>, <u>supra</u>.

This Court is not persuaded by Plaintiff's reliance on <u>Lindsey v Primerica Life Ins. Co.</u>, 2002 U.S. Dist. LEXIS 19530 (M.D.N.C., 2002), the only decision by a district court in North Carolina to apply federal, rather than state law in resolving the  attorneys'  fees  issue in a diversity interpleader action.  Despite acknowledging that district courts in North Carolina "have felt

constrained by [Board of Education, supra]," the Court in Lindsey nevertheless stated that "[t]he Fourth Circuit has not provided any guidance as to the awarding of attorneys' fees in the context of the federal interpleader statute." Id. at 2. However, the Court offered no more than a footnote in an attempt to explain its decision to disregard the Fourth Circuit precedent that applied state law. Id., at n.1 (citing Board of Education,. Underhill, and Metropolitan Life Insurance, all supra).

This Court concludes that the issue of attorneys' fees in diversity interpleader actions is governed by state law, and in this case, North Carolina law clearly prohibits an award of attorneys fees. Therefore, Plaintiff's Motion for Attorneys' Fees will be denied.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED**:

1. Plaintiff's "Motion for Attorneys' Fees" (document #23) is **DENIED.**

2. Plaintiff's "Motion to Deposit Funds and for Discharge" (document #22) is **GRANTED**. Plaintiff is **GRANTED LEAVE** and **ORDERED** to deposit into the Registry of the Court the proceeds of the Policy and rider. Plaintiff also shall include in the funds deposited the applicable interest from the date of Lao Vang's death to the date of the payment to the Court. The Clerk of this Court shall place the funds received from Plaintiff in an interest-bearing account pending final resolution of the remaining parties' claims.

3. Upon Plaintiff's making the deposit ordered above:

a. Plaintiff shall be fully and forever discharged from all claims or other liability to the Defendants and all other persons regarding the Policy;

b. Defendants shall be fully and perpetually enjoined and restrained from commencing any

action against Plaintiff on the Policy; and

 c. Plaintiff shall be dismissed from this action, and any and all claims or counterclaims that may have been asserted against Plaintiff shall be dismissed with prejudice.

 4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties;  and to the Honorable Richard L. Voorhees.

 **SO ORDERED**.

   Signed: January 5, 2010

   David S. Cayer
   United States Magistrate Judge